UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ARLENE ROSARIO,

                Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CV-5573 (NGG)**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 23 2014 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

By motion dated May 6, 2014, Plaintiff Arlene Rosario ("Plaintiff") requests pro bono counsel in the above-captioned action. (Mot. to Appoint Counsel (Dkt. 10).) For the reasons discussed below, Plaintiff's request is DENIED without prejudice.

There is no right to counsel in a civil case. Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984). Although a person accused of a crime is guaranteed counsel under the Constitution, the term "appointment of counsel" is inaccurate when used in a civil case. This court cannot compel any attorney to accept a civil case on a pro bono basis. Mallard v. United States District Court, 490 U.S. 296 (1989). However, pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel."

In making this type of request, however, the court must first consider whether the indigent plaintiff's position is "likely to be of substance." Ferelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003). If the claim asserted meets this threshold requirement, the court should then consider secondary criteria, "including plaintiff's ability to obtain representation independently, and [her] ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly

1

conducted cross-examination to test veracity." Cooper v. Sargenti, 877 F.2d 170, 172 (2d Cir. 1989); see also Ferelli, 323 F.3d at 203-06.

Having reviewed the Complaint, the court finds that Plaintiff has not met the threshold requirement that her claim is "likely to be of substance" at this juncture. Accordingly, Plaintiff's request for pro bono counsel is DENIED WITHOUT PREJUDICE.

Additionally, the briefing schedule previously set by the court (Dkt. 4) regarding the Commissioner's motion for judgment on the pleadings is AMENDED as follows: Plaintiff shall serve her response to the Commissioner's motion by June 23, 2014; and the Commissioner shall file the fully-briefed motion, including any reply, by July 11, 2014.

SO ORDERED.

Dated: Brooklyn, New York
May 22, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge